IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-00348-MR

| | |
|---|---|
| DAMETRI ORVIL DALE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>LESLIE COOLEY DISMUKES,[1] )<br>Secretary of the North Carolina )<br>Department of Adult Correction, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by Dametri Orvil Dale (herein "Petitioner"). [Doc. 1]. Also before the Court are the Petitioner's Motion to Proceed *in Forma Pauperis* [Doc. 2], Motion to Seal [Doc. 4], and Motion to Stay. [Doc. 5].

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the North Carolina Department of Adult Correction (NCDAC) is the custodian of all state inmates. N.C. Gen. Stat. § 148-4 (2023). Accordingly, Leslie Cooley Dismukes, the current Secretary of the NCDAC, is the proper Respondent in this action.

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina. The Petitioner is serving consecutive sentences of 96 to 176 months and 21-35 months of incarceration, imposed by the Mecklenburg County Superior Court, following his July 17, 2022, convictions for one count of statutory rape of a child 15 years of age or younger, and one count of taking indecent liberties with a minor. [Doc. 1-1 at 99]. Following his incarceration, Petitioner is subject to a probationary sentence based upon his conviction for a second count of taking indecent liberties with a minor. [Id.].

The Petitioner gave notice of appeal to the North Carolina Court of Appeals, appellate entries were made, and he was assigned appellate counsel on September 12, 2022. [Id.]. On March 31, 2023, the court of appeals granted Petitioner's motion to proceed pro se and allowed Petitioner's appellate counsel to withdraw. [Id. at 100]. On July 6, 2023, Petitioner filed a motion with the court of appeals designated "Notice of Withdrawal of Appeal." [Id. at 101]. That court granted Petitioner's motion and dismissed his appeal on July 12, 2023. [Id.].

On July 20, 2023, Petitioner filed the following motions with the trial court:

> Motion for Appropriate Relief Based Upon Newly Discovered Evidence, Recantation and Violation of Due Process Rights,

> Emergency Motion for an Evidentiary Hearing on Defendant's Motion for Appropriate Relief for the Taking Evidence, Questions of Law, and Findings of Fact, Motion to Immediately Transfer Defendant to Mecklenburg County Detention Center to Prepare for an Evidentiary Hearing, Emergency Motion for a Subpoena for Recorded Calls and Text Messages Made at Foothills Correctional Institution, Emergency Motion for a Subpoena for Recorded Calls Made at the Mecklenburg County Jail, and a Notice of Intent to Use State's June 21, 2022, and July 1, 2022, Meeting Notes as Evidence in Support of Defendant's Motion for Appropriate [Relief].

[Id. at 101].

As noted, Petitioner raised three grounds in his MAR: (1) newly discovered evidence, (2) recantation by the victim, and (3) the violation of his due process rights. Regarding the first ground, the MAR court noted Petitioner's newly discovered evidence fell into two categories: witnesses who would impeach the testimony of the victim and evidence of the victim's post-trial recantation of her allegations incriminating Petitioner. [Id. at 101]. As to the former, the MAR court found Petitioner provided no explanation as to why the witnesses where not found earlier or what efforts were made to find them. [Id.]. Further, the MAR court found Petitioner neither identified these impeaching witnesses nor proffer what they would say. [Id.]. As to the latter category of newly discovered evidence (which is also Petitioner's second ground), the MAR court noted Petitioner alleged the victim began

3

recanting her testimony the day after he was sentenced. [Id. at 102]. Petitioner, however, offered the MAR court nothing of substance.

According to the MAR court, the Petitioner provided what are only, in his words, synopses of the alleged recantations to him and to his sister. [Id.]. The MAR court found that Petitioner did not explain what the victim's alleged false statements contained, or that the alleged victim ever stated the crimes did not occur. [Id.]. Further, the MAR court found Petitioner failed to attach any affidavits from either the victim or Petitioner's sister, who Petitioner claims allegedly heard some recantations during a three-way telephone call with victim and Petitioner. [Id.] Ultimately, the MAR court found Petitioner's assertions the victim recanted her testimony were self-serving and conclusory. [Id.].

As for Petitioner's last ground in his MAR, that his due process rights were violated by the State, the MAR court found Petitioner failed to state a claim. "Defendant claims that his Due Process Rights were violated by the prosecutors who allowed the victim to testify when they knew she was lying. Other than the assertion Defendant proffers no evidence supporting the claim." [Id.].

Based upon its findings, the MAR court concluded that Petitioner failed to make, allege or otherwise present any legal argument or colorable claim,

4

which might afford him relief; an evidentiary hearing was not required because the MAR raised no question of fact requiring resolution; and Petitioner's MAR was without merit. [Id. at 102-3]. The MAR court denied Petitioner's MAR on October 17, 2023. [Id.].

The Petitioner subsequently sought appellate review of the denial of his MAR through a petition for writ of certiorari he filed on February 6, 2024. [Doc. 1-1 at 105]. The North Carolina Court of Appeals denied Petitioner's request on March 13, 2024. [Id.]. Petitioner filed his § 2254 habeas petition in this Court on March 28, 2024. [Doc. 1].

## II. STANDARD OF REVIEW

In reviewing Petitioner's claims, the Court must consider the requirements governing petitions for habeas corpus under 28 U.S.C. § 2254(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). That section of the AEDPA applies to "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States." Rule 1(a)(1), 28 U.S.C. foll. § 2254. A federal court may not grant § 2254 relief as to any claim "adjudicated on the merits" in state court unless the state court's adjudication of such claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d).

A state court's decision constitutes an unreasonable application of clearly established federal law under § 2254(d)(1) when the state court correctly identifies the "governing legal principle . . . but unreasonably applies that principle to the facts of the . . . case." Barnes v. Joyner, 751 F.3d 229, 238 (4th Cir. 2014) (citation omitted). To find an "unreasonable application of federal law" requires a "substantially higher threshold" to overcome. Schiro v. Landrigan, 550 U.S. 465, 473 (2007). In making this assessment, the habeas court looks "to whether the state court's application of law was objectively unreasonable and not simply whether the state court applied the law incorrectly." Barnes, 751 F.3d at 238-39 (citation omitted).

For a state court's factual determination to be held unreasonable under § 2254(d)(2), "[the determination] must be more than merely incorrect or erroneous." Williams v. Stirling, 914 F.3d 302, 312 (4th Cir. 2019) (citation omitted). The state court's finding must be "sufficiently against the weight of the evidence that it is objectively unreasonable." Id. (citation omitted). The

AEDPA also provides that "a determination of a factual issue made by a State court shall be presumed to be correct" absent "clear and convincing evidence" to the contrary. 28 U.S.C. § 2254(e)(1). These provisions of the AEDPA, "operating in tandem," require that a petitioner seeking relief under § 2254(d)(2) establish that the state court's factual finding was "incorrect by clear and convincing evidence, and that the corresponding factual determination was objectively unreasonable in light of the record before the court." Merzbacher v. Shearin, 706 F.3d 356, 364 (4th Cir. 2013) (quoting Miller-El v. Cockrell, 537 U.S. 322, 348 (2003) (internal quotation marks omitted)).

In sum, a federal court "shall not" grant a writ of habeas corpus unless the earlier decision took an "unreasonable" view of the facts or law. 28 U.S.C. § 2254(d). By design, this "standard is difficult to meet." Harrington v. Richter, 562 U.S. 86, 102 (2011). The term "unreasonable" refers not to "ordinary error," plain error, or even to circumstances where the petitioner offers "a strong case for relief," but rather to "extreme malfunctions in the state criminal justice syste[m]." Id. (internal citation omitted). The critical question is whether the state court "managed to blunder so badly that every fairminded jurist would disagree" with its outcome. Mays v. Hines, 141 S. Ct. 1145, 1149 (2021).

## III. DISCUSSION

The Petitioner raises three claims for relief in his § 2254 petition: 1) recantation by the victim [Doc. 1 at 8-12]; 2) newly discovered evidence [Id. at 13-15]; and 3) a due process violation. [Id. at 15-20]. Petitioner raised these identical claims in his MAR, which the MAR court found to be entirely without merit, and which the North Carolina Court of Appeals thereafter refused to entertain at all. More importantly, however, Petitioner has argued no deprivation of any **federal rights** in his first two claims.

A state inmate may invoke federal habeas jurisdiction only if he can establish that he is a person convicted under a state-court judgment and that he is in "custody in violation of the Constitution, laws, or treaties of the United States." 28 U.S.C. § 2254. The Supreme Court has made clear that a federal habeas court will not review any claim that concerns how a state court construes or applies its own statutory law and precedents.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L.Ed.2d 606 (1990); see also Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871, 874–75, 79 L.Ed.2d 29 (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

Estelle v. McGuire, 502 U.S. 62, 63 (1991).

The Petitioner alleges no federal law violations in his first two grounds. Despite Petitioner's unsuccessful litigation of these state-law claims in his collateral proceedings, he cannot seek review of them in this habeas action. As such, these first two claims are without merit.

In his third claim, Petitioner variously asserts that the victim made so many false or otherwise untruthful statements that when the state prosecutors called her to testify at his trial, the prosecution knew it would be putting perjured testimony before the jury in violation of Napue v. Illinois, 360 U.S. 264 (1959). [Doc. 1 at 19]. The MAR court found this claim to be entirely without merit, and this Court concludes such finding to be objectively reasonable.

In addition, Petitioner , Petitioner failed to exhaust this claim, and it is now procedurally defaulted. While Petitioner raised this claim before the MAR court, he never alleged in his MAR that he suffered any federal rights violation. [Doc. 1-1 at 9-10]. Under the AEDPA, a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal court. 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.), cert.

9

Case 3:24-cv-00348-MR    Document 6    Filed 09/22/25    Page 9 of 14

denied, 522 U.S. 833 (1997)). Exhaustion requires the prisoner to present his federal claim in state court to give the state courts the opportunity to review and correct any alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365-366 (1995). "[T]he prisoner must 'fairly present' his claim in each appropriate state court, thereby alerting that court to the federal nature of the claim. The habeas petitioner must raise his claim before every available state court, including those courts . . . whose review is discretionary." Jones v. Sussex I State Prison, 591 F.3d 707, 712–13 (4th Cir. 2010) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)) (internal alterations omitted). In other words, if a defendant convicted in state court fails to identify and pursue a federal claim through the entire direct appeal or state post-conviction process, the state is deprived of the opportunity to evaluate the federal claim and the defendant thereby abandons the claim "by not following proper state appellate procedure, causing the state courts to rule against him solely on state-law procedural grounds." Kornahrens v. Evatt, 66 F.3d 1350, 1357 (4th Cir. 1995). Federal habeas review in this circumstance is inappropriate because the state's judgment in such a case is based on an "independent and adequate state ground" since no federal claim was ever presented to or reviewed by the state. Coleman v. Thompson, 501 U.S. 722, 729–30 (1991).

10

Case 3:24-cv-00348-MR   Document 6   Filed 09/22/25   Page 10 of 14

Having defaulted this claim procedurally, the only way for Petitioner to secure review of it in this Court is through a showing of either (1) "cause" and "actual prejudice" resulting from the error at issue, or (2) that a "miscarriage of justice" would result from refusal to entertain the collateral attack. United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68, (1982)); Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998) (citing Coleman, 501 U.S. at 731-732).

"Cause for a procedural default . . . ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." Murray v. Carrier, 477 U.S. 478, 492 (1986). For example, cause exists "where a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). To establish prejudice, the petitioner must demonstrate that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a "possibility of prejudice." Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray, 477 U.S. at 494). Finally, to show that a "miscarriage of justice" would result from the court's failure to entertain the collateral attack, the petitioner must show "actual innocence by clear and convincing evidence." Mikalajunas, 186 F.3d at 493.

11

Petitioner does not, nor can he, show cause or actual prejudice for this defaulted claim. Petitioner could have, but for reasons unknown, chose not to argue to the MAR court any federal aspect of his due process claim. Further, the record in this matter discloses no "external impediment" prevented Petitioner from raising the federal aspect of this claim in the MAR court. Finally, Petitioner has made no factual showing that the victim testified falsely at his trial, let alone whether any of her allegedly untrue statements caused actual prejudice rather than just creating a possibility of prejudice. Finally, nowhere in his filings does Petitioner make any claim of actual innocence, and as the MAR court pointed out, nowhere does Petitioner assert that the victim ever stated Petitioner's crimes never occurred. In addition to being entirely without merit, Petitioner's third claim is procedurally defaulted and shall be dismissed.

## IV.  CONCLUSION

For the reasons set forth above, the Petitioner is not entitled to relief under his § 2254 Petition for Writ of Habeas Corpus and the same should be denied and dismissed. Based on Petitioner's declaration and application to proceed without prepayment of fees [Doc. 2], as well as his Prisoner Trust Fund Account Statement [Doc. 3], the Court is satisfied that Petitioner is indeed indigent and should be allowed to proceed *in forma pauperis*. Due to

the nature of the facts underlying Petitioner's state convictions, and particularly information regarding the victim, his Motion to Seal [Doc. 4] should be allowed as to the exhibits attached to his § 2254 Petition. Finally, based upon the Court's disposition of the § 2254 Petition, Petitioner's Motion to Stay [Doc. 5] should be denied as moot.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DENIED** and **DISMISSED**;

2. The Petitioner's Motion to Proceed *in Forma Pauperis* [Doc. 2] is **GRANTED**;

3. The Petitioner's Motion to Seal [Doc. 4] is **GRANTED** with regard to

the exhibits attached to the Petition for Writ of Habeas Corpus. The Clerk of Court is therefore respectfully directed to place the materials contained in Document 1-1 under seal;

4. The Petitioner's Motion to Stay [Doc. 5] is **DENIED** as moot; and

5. The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Signed: September 22, 2025

Martin Reidinger
Chief United States District Judge